# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CELERINO GABRIEL-MARTINEZ,

      Plaintiff,

v.                                              CASE NO.  8:18-cv-2063-T-26TGW

UNITED STATES OF AMERICA,

      Defendant.

_____/

## O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of

Plaintiff's underlying criminal case, case number 8:06-cr-280, it is **ORDERED AND**

**ADJUDGED** that Plaintiff's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. 1)

filed on August 13, 2018, under the mailbox rule, is denied.  As the record of the

underlying criminal case indisputably reflects, the Eleventh Circuit Court of Appeals

affirmed Plaintiff's judgment of conviction on August 4, 2008.[1]  Thus, he had ninety (90)

days from that day to seek a writ of certiorari from the United States Supreme Court

which the record also indisputably reflects he did not do.  Given that circumstance, his

judgment of conviction became final ninety (90) days after the affirmance of his judgment

---

[1]  See docket 220; see also United States v. Gabriel-Martinez, 321 F. App'x 798 (11th
Cir. Aug. 4, 2008).

of conviction by the Eleventh Circuit which is a little less than ten (10) years ago. <u>See</u>

<u>Close v. United States</u>, 336 F.3d 1283, 1284-85 (11th Cir. 2003) (citing and quoting <u>Clay</u>

<u>v. United States</u>, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003)).

Consequently, because more than one year has elapsed since Plaintiff's judgment of

conviction became final, his motion to vacate is time-barred under the provisions of §

2255(f)(1).

      **DONE AND ORDERED** at Tampa, Florida, on August 21, 2018.


            *s/Richard A. Lazzara*
           **RICHARD A. LAZZARA**
           **UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, *pro se*